25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rex BRINLEE, Plaintiff-Appellant,
v.
Milton VOGT, M.D.; Robert Dille, M.D.; Andy Hazlett, M.D.;
Ralph Lazzarra, M.D., Defendants-Appellees.
 No. 93-7120.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rex Brinlee, an inmate at the Oklahoma State Penitentiary, filed a pro se civil rights complaint alleging deliberate indifference to his medical needs. The district court granted summary judgment to defendants on grounds that plaintiff failed to produce evidence showing that defendants had acted with deliberate indifference. Furthermore, the court found that the record demonstrated that plaintiff had received adequate medical care and that plaintiff's disagreement over the appropriate course of treatment was not cognizable under 42 U.S.C.1983. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 We review the grant of summary judgment de novo, employing Fed.R.Civ.P. 56(c), the same standard used by the district court. Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Viewing the record in the light most favorable to the nonmoving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970), we examine whether the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c).
 
 
 4
 A prisoner claiming inadequate medical care in violation of the Eighth Amendment "must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, plaintiff alleged that he suffered a heart attack in 1991, but, aside from emergency treatment following the attack, defendants have done nothing to cure his heart problem. Plaintiff sought damages and injunctive relief, directing defendants to perform a cardiatric catheterization.
 
 
 5
 Plaintiff appears to raise four arguments on appeal. First, he challenges the nonconsensual referral of his case to a magistrate judge. Second, he complains that the district court failed to address his request for injunctive relief and a three-judge panel pursuant to 28 U.S.C. 2284. Third, as evidence of deliberate indifference, plaintiff maintains that defendants, so far, have been passively monitoring his condition, and have taken no action to cure his problem. He claims that his coronary artery disease and related pain, which are fully documented in the record, will cause his untimely death unless defendants perform tests designed to diagnose and cure his condition. And fourth, plaintiff disputes that this case can be characterized as a difference of opinion over the appropriate course of treatment. Rather, the controversy concerns whether defendants should attempt to cure plaintiff, or merely continue to mask the problem with "medical therapy treatment" which cannot cure coronary artery disease.
 
 
 6
 Plaintiff's first two arguments lack merit. Congress has "authorized the nonconsensual referral to magistrates for a hearing and recommended findings 'of prisoner petitions challenging conditions of confinement.' " McCarthy v. Bronson, 111 S.Ct. 1737, 1739 (1991)(quoting 28 U.S.C. 636(b)(1)(B)). Therefore, plaintiff's consent to the referral was not required. Cf. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991)(categorizing prisoner's medical treatment as condition of confinement). As for plaintiff's request for a three-judge panel, the district court must convene such a panel only when required by an act of Congress, or when a suit challenges the apportionment of statewide legislative bodies or congressional districts. 2284(a). Although the district court did not specifically deny plaintiff's request for injunctive relief, the denial is implicit in the district court's entry of summary judgment for defendants.
 
 
 7
 After reviewing the entire record, we cannot conclude that the district court erred in granting summary judgment to defendants. As the district court noted, the Supreme Court has held that
 
 
 8
 the question whether an x-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.
 
 
 9
 Estelle, 429 U.S. at 107. The record shows that Dr. Hazlett initially determined that plaintiff may benefit from cardiac catheterization, but later decided to treat plaintiff with medical therapy instead. R. 11, ex. C. The record also shows that defendants have been monitoring plaintiff's condition since his heart attack. Plaintiff, quite understandably, may desire a precise diagnosis and prognosis. He has not produced sufficient evidence, though, to demonstrate a genuine issue of material fact to support his allegation of inadequate medical treatment in violation of the Eighth Amendment.
 
 
 10
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470